IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Crim. No. 11-055-SLR |
| WILLIAM BONEY, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM ORDER**

At Wilmington this 9th day of October, 2012, having considered defendant's motions and the papers submitted in connection therewith:

IT IS ORDERED that, for the reasons that follow, said motions (D.I. 43, 45, 46) are denied.

1. **Introduction.** On May 24, 2011, a federal grand jury returned a one-count indictment with notice of forfeiture against defendant William Boney on the charge of conspiracy to distribute 500 grams or more of a mixture and substance containing a

detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) & 846.[1]

(D.I. 3)

2. Defendant was arrested on July 19, 2011, and had an initial appearance in this court that same day. Plaintiff moved to detain defendant pending trial, pursuant to 18 U.S.C. § 3142(e) and (f). (D.I. 6) The court ordered defendant detained temporarily under 18 U.S.C. § 3142(d), and scheduled a detention hearing for July 25, 2011. (D.I. 7)

3. At the detention hearing, the Assistant United States Attorney stated that, in May 2011,

> a confidential informed [told government agents] that defendant was attempting to solicit a 'hit man' to murder the person who defendant believed set up the November 7, 2010 sting operation which resulted in the raid on defendant's home. The government also alleged that defendant wanted that person's young child

---

[1] This charge emanates from a November 7, 2010, drug sting that resulted in the arrest of defendant and three others, as well as the seizure of five kilograms of cocaine. (D.I. 34) A detailed factual background is found in the court's March 8, 2012 memorandum order, which is incorporated herein by reference. (D.I. 34) In order to address the motions pending at bar, plaintiff has presented an account of the events occurring after defendant's arrest. (D.I. 54) Defendant has submitted a counter version of the events. (D.I. 55) Because the parties did not request an evidentiary hearing, the exact nature of the events transpiring after the arrest is unclear and disputed. The parties do agree, however, on this one point: in November 2010, defendant agreed to cooperate with DEA agents in their investigation of drug transactions or other crimes. According to plaintiff, in March 2011, DEA agents concluded that defendant's cooperation was "insufficient" and discovery materials and a proposed plea agreement were sent to defendant's attorney. Further, in May 2011, DEA agents "received information that defendant was looking for a hit man to kill the informant who worked with DEA in the November 7, 2010, drug investigation." (D.I. 54 at 2) Plaintiff indicates that there are recorded conversations between defendant and the hit man where both discuss the matters related to the drug conspiracy charge and the retaliation charges. (D.I. 54) Defendant contends his cooperation was helpful and denies the allegations. (D.I. 55) The court's inclusion of any historical information is merely for context and does not constitute a finding of fact.

2

killed as well.

(D.I. 43 at 2) On August 2, 2011, defendant was ordered detained pending trial. (D.I. 12)

4. On August 29, 2011, defendant moved to suppress statements and evidence[2] seized from his residence on November 7, 2010. (D.I. 17) An evidentiary hearing was held on November 14, 2011, with two law enforcement witnesses testifying. (D.I. 17) By memorandum order entered on March 8, 2012, the court denied defendant's motion and scheduled a teleconference to set the case for trial or plea hearing. (D.I. 34)

5. On April 12, 2012, a federal grand jury returned the first superseding indictment ("superseding indictment") charging defendant with: (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(B) (the previously charged "drug conspiracy"); (2) attempted obstruction of justice by retaliating against an informant, in violation of 18 U.S.C. § 1513(a)(1)(B); (3) obstruction of justice, in violation of 18 U.S.C. § 1503(a); and (4) solicitation of obstruction of justice by retaliating against an informant, in violation of 18 U.S.C. 1513(a)(1)(B) and 373 (collectively, "the retaliation charges"). (D.I. 37) Defendant was arraigned on April 19, 2012.

6. A status teleconference with the parties was scheduled for May 31, 2012, and the time in which to file pretrial motions with respect to the superseding indictment was set for May 31, 2012. (D.I. 38) On May 17, 2012, the parties filed a joint motion to extend the time to file pretrial motions to July 2, 2102. (D.I. 40) The court granted the

---

[2]One kilogram of cocaine, 48.5 grams of cocaine and 28 MDMA/Ecstacy pills. (D.I. 22-2)

3

motion and rescheduled the May 31, 2012 status teleconference to July 24, 2012. (D.I. 41)

7. On June 29, 2012, defendant filed the following: (1) motion for separate trial (D.I. 43); (2) motion for disclosure of impeaching evidence (D.I. 44);[3] (3) motion for bill of particulars (D.I. 45); (5) motion to dismiss counts two, three and four of the superseding indictment (D.I. 46); (6) motion to inspect grand jury testimony (D.I. 47);[4] (7) motion for discovery (D.I. 48);[5] and (8) motion to suppress evidence (renewed) (D.I. 49).[6] The government moved for an extension of time to respond, which was granted. (D.I. 50) The matters are fully briefed and ripe for review. (D.I. 54, 55) The court has jurisdiction pursuant to 18 U.S.C. § 3231.

8. **Motion to sever.** Pursuant to Fed. R. Crim. P. 14,[7] defendant moves to sever count one from counts two, three and four of the superseding indictment, claiming

---

[3]The parties agree that the issue is resolved and motion is now moot. (D.I. 54, 55)

[4]The parties agree that the issue is resolved and motion is now moot. (D.I. 54, 55)

[5]The parties agree that the issue is resolved and motion is now moot. (D.I. 54, 55) Similarly, defendant's previously filed motion for discovery and Brady materials (D.I. 13, 14) are moot.

[6]Because defendant has renewed this motion only for the purpose of preserving his objection to the evidence sought to be suppressed, the court finds it is unnecessary to revisit its prior decision. (D.I. 34)

[7]R. 14(a) provides:
>If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

4

the charges were improperly joined under R. 8(a). (D.I. 43) He argues that the drug conspiracy is not of the same or similar character and is not based on the same act or transaction as the retaliation charges. Defendant argues that prejudice will result in a single trial because he will have to defend against the drug conspiracy charges at the same time as the retaliation charges and may not be able to assert his preferred defenses with respect to each charge. For example, for the drug conspiracy charge, were defendant to assert an entrapment defense, his testimony as to predisposition to enter the conspiracy would be necessary. Conversely, with respect to the retaliation charge, he may wish to rely on the presumption of innocence and cross examination, rather than to testify.

9. Under R. 8(a), counts of an indictment are properly joined "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Joinder of charges is generally favored. *United States v. Niederberger*, 580 F. 2d 63, 66 (3d Cir. 1978). "The obvious purpose of Rule 8(a)'s liberal joinder provision is to promote judicial and prosecutorial economy by the avoidance of multiple trials." *Id.* Moreover, R. 8(a) permits joinder of offenses when a transactional nexus exits between the offenses to be joined. *United States v. Eufrasio*, 935 F.2d 533, 570 n. 2 (3d Cir. 1991). "As long as the crimes charges are allegedly a single series of acts or transactions, separate trials are not required." *Id.* at 567; *see e.g., United States v. Sampson*, 2008 WL 5061653, at *3 (M.D. Pa. Nov. 2008) ("witness tampering and felony drug trafficking charges may be properly joined under Rule 8(a)'s 'common

5

scheme or plan' language when it is alleged that the former offense was committed in furtherance of the latter offense.").

10. Even where joinder is proper, however, the court has the discretion, pursuant to R.14(a), to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires," if it appears that joinder will prejudice the defendant or the government. *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005). Defendant has the burden of demonstrating "clear and substantial prejudice resulting in a manifestly unfair trial." *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981). Mere allegations of prejudice are insufficient. *Id.* Even where the risk of prejudice is high, the court may consider less drastic measures, such as limiting instructions, rather than separate trials. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Third Circuit recently concluded that the district court did not err in refusing to sever the obstruction of justice charge from the underlying charges because the court "instructed the jury to consider evidence on each count of the indictment separately, so prejudice cannot be established '[a]bsent a clear showing that the jury was unable to follow these instructions.'" *United States v. Martinez,* 460 Fed. Appx. 190, 193 (3d Cir. 2012) (not precedential) (quoting, *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981)).

11. Considering this authority, the court finds that the charges were properly joined because the drug conspiracy charge is part of the same series of acts and transactions as the retaliation charges. Defendant's alleged retaliation was an attempt to avoid prosecution on the drug conspiracy charge by murdering the CD, a person with

6

intimate knowledge of the events on November 7, 2010. Evidence and recordings related to the retaliation charges also overlap with the drug conspiracy charge.

12. Further, even if the charges were not joined in the superseding indictment, plaintiff could still admit the evidence as part of its case against defendant as intrinsic evidence under Fed. R. Evid. 401, or as other bad acts evidence under Fed. R. Evid. 404(b). *United States v. Rock*, 282 F.3d 548, 552 (8th Cir. 2002) ("Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together").

13. The court also finds that defendant has not carried his burden to demonstrate that clear and substantial prejudice will result in trying the charges together. Because the evidence related to the retaliation charges would likely still be admissible in defendant's drug conspiracy case, defendant will be faced with the same strategy decisions whether in one trial or two. Moreover, giving the jury a limiting instruction will prevent potential prejudice.

14. **Motion for a bill of particulars.** A court has broad discretion in granting or denying a criminal defendant's motion for a bill of particulars. *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir.1989); Fed. R. Crim. P. 7(f). Among the purposes of a bill of particulars is to inform the defendant of the nature of the charges brought against him or her so that the defendant is able to adequately prepare a defense. *United States v. Addonizio*, 451 F.2d 49, 63 (3d Cir. 1972). The United States Court of Appeals for the Third Circuit has instructed that a court should grant a motion seeking a bill of

7

particulars when an indictment's failure to provide factual or legal information "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *Rosa*, 891 F.2d at 1066. This determination focuses upon whether the defendant is adequately informed of the nature of the charges being brought against him or her, so as to (1) avoid surprise at trial and (2) protect against double jeopardy due to an inadequately described offense. *See United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005).

15. A bill of particulars should reveal "only the minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). A defendant is not entitled to general discovery of the government's case, evidence or witnesses. *United States v. Armocida*, 515 F.2d 49, 52 (3d Cir. 1975). In considering a request for a bill of particulars, the court should review all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment. *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972).

16. Although defendant initially requested that plaintiff file a bill of particulars addressing four issues contained in the first superseding indictment, subsequent discussions between the parties have narrowed the dispute to only one request:

> 1. With respect to count two of the first superseding indictment, describe how the actions defendant is alleged to have committed constitute a 'substantial step' toward the completion of the intended offense (i.e. murder).

17. In response, plaintiff avers that extensive discovery has been provided with respect to meetings between the CD and defendant, including recordings of meetings,

8

DEA-6 reports, search warrant affidavits and applications, toll records and cell-site data for defendant and the CD's cellular phone numbers. Plaintiff contends that this discovery and the factual background described in its response to the motions at bar, are sufficient notice regarding the evidence the government will use to prove the "substantial steps" element of count two. (D.I. 54)

18. Defendant disagrees and asserts that the information does not resolve whether "'attempt' is distinguishable from a mere 'solicitation.'" (D.I. 55 at 10) He asserts that, in order to prepare his defense, he needs to know how "mere discussions with a CD posing as a hit man rise to the level of attempted murder." (*Id.*)

19. Applying the standards outlined above, the court cannot find any basis for granting defendant's request for a bill of particulars. Although the information requested may be helpful to defendant, such information does not appear necessary to avoid surprise at trial or protect against double jeopardy concerns. The court concludes that the superseding indictment and the discovery which plaintiff has produced have provided defendant with the information necessary to understand the charges against him and to mount a defense on his behalf. At this juncture, any further information seems designed to determine the details about the government's theory of the case.

20. **Motion to dismiss.** Defendant moves to dismiss counts two, three and four of the superseding indictment, arguing the government exceeded the 30-day time limit for indictment mandated by the Speedy Trial Act, 18 U.S.C. § 3161(b). Because nine months elapsed between defendant's arrest on July 19, 2011 (and the prosecutor's statement about the crime) and the return of the superseding indictment on April 12, 2012, defendant avers that the dismissal of the three counts is appropriate.

9

21. The Sixth Amendment to the United States Constitution guarantees that, "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The Speedy Trial Act, 18 U.S.C. §§ 18 U.S.C. §§ 3161-3172, requires that the government file an indictment within thirty days of a defendant's arrest. 18 U.S.C. § 3161(b). If an indictment is not filed within that time, the complaint must be dismissed pursuant to 18 U.S.C. § 3162(a)(1). It is within the court's discretion whether the dismissal should be granted with or without prejudice.

22. Section 18 U.S.C. § 3161(b), however, does not apply to new charges added by superseding indictment. *United States v. Oliver*, 238 F.3d 471, 473 (3d Cir. 2001); *United States v. Rabb*, 680 f.2d 294, 296-97 (3d Cir. 1982). "[S]uperseding indictments filed longer than 30 days after an arrest which add charges to those contained in the original indictment do not violate the Speedy Trial Act." *United States v. Komolafe*, 246 Fed. Appx. 806 (3d Cir. 2007) (not precedential). Considering this authority, the court finds no Speedy Trial Act violation.

IT IS FURTHER ORDERED that:

1. A telephone status conference is scheduled to commence on **Thursday, October 25, 2012** at **8:30 a.m.**, with the court initiating said call.

2. The time between this order and the teleconference shall be excludable under the Speedy Trial Act in the interests of justice, 18 U.S.C. § 3161, et seq.

United States District Judge

10