IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM BONEY, | ) |
| Movant, | ) |
| v. | ) Civ. Act. No. 17-197-CFC |
| | ) Cr. Act. No. 11-55-CFC |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM

### I. INTRODUCTION

In 2013, a jury convicted Movant William Boney ("Movant") of one count of conspiring to distribute 500 grams or more of cocaine, one count of attempting to retaliate against a government informant, and one count of solicitation of a person to retaliate against a government informant. *See United States v. Boney*, 769 F.3d 153, 154–55 (3d Cir. 2014). The Honorable Sue L. Robinson sentenced Movant to a term of 220 months of imprisonment. *See id.* at 155. Movant appealed his conviction, and the Government cross-appealed his sentence, arguing that the Court erred in calculating the guideline range when it sentenced Movant. *Id.* The Third Circuit affirmed Movant's conviction but vacated his sentence, remanding the case for resentencing after finding that "the District Court misapplied the Sentencing Guidelines." *Id.* On remand, Judge Robinson sentenced Movant to 272 months of imprisonment. *See United States v. Boney*, 634 F. App'x 894, 895 (3d Cir. 2015).

In 2017, Movant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, as well as an amended § 2255 motion, asserting four Claims for relief (hereinafter collectively referred to as "2255 Motion"). The case was re-assigned to the undersigned's docket on September 20, 2018. On March 23, 2020, the Court denied Movant's § 2255 Motion. (D.I. 196; D.I. 197) Movant appealed that decision, and filed a motion for certificate of appealability. (D.I. 198; D.I. 199); (*see* D.I. 10 at 10-14 in *United States v. Boney*, C.A. No. 20-1859) In April 2021, the Third Circuit issued an order declining to issue a certificate of appealability with respect to the denial of Movant's § 2255 Motion. (D.I. 216)

In September 2020, Movant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his health conditions (asthma and Achalasia) in light of the COVID-19 pandemic and his purported rehabilitation since being incarcerated. (D.I. 200) The Court denied the § 3582 motion for compassionate release on December 16, 2020. (D.I. 209; D.I. 210) Movant appealed, and the Third Circuit dismissed the appeal as untimely on December 9, 2022. *See United States v. Boney*, 2022 WL 17546951, at *2 (3d Cir. Dec. 9, 2022).

In August 2022, Movant filed the document presently pending before the Court, which is titled "*Clisby* Motion Where District Court Failed to Address or Deny All Claims Set Forth in Movant's § 2255 Motion." (D.I. 222)

## II.   DISCUSSION

Movant asserted the following four grounds for relief in his § 2255 Motion: (1) defense counsel provided ineffective assistance by failing to present him with a plea

2

offer from the Government; (2) defense counsel provided ineffective assistance by compelling Movant to testify at trial without advising him of his right not to testify; (3) defense counsel provided ineffective assistance by failing to argue for a variance at the resentencing hearing and by failing to object to a guidelines calculation mistake in light of Amendment 782; and (4) after the Supreme Court's ruling in *Mathis v. United States*, 136 S.Ct. 2243 (2016), Movant's Delaware marijuana conviction does not qualify as a "felony drug offense" under 21 U.S.C. § 851, which means that the mandatory minimum enhancement from five to ten years does not apply to him and, alternatively, defense counsel failed to argue that his Delaware marijuana conviction did not qualify as a "felony drug offense" under then-existing Third Circuit precedent. (D.I. 153; D.I. 165; D.I. 167; D.I. 171) During the pendency of his § 2255 proceeding, Movant filed several other motions, including a document titled "Motion for Leave to Supplement With Addendum." (D.I. 176) He attached an Addendum to the Motion for Leave to Supplement, which contained an argument supporting Claim Four's *Mathis* argument, as well as a new argument that the Third Circuit lacked jurisdiction to consider the Government's cross-appeal of his sentence because the Government failed to obtain approval from the Attorney General or Solicitor General before prosecuting its cross-appeal of his sentence as required by 18 U.S.C. § 3742(b) (hereinafter referred to as "§ 3742(b) approval argument or claim"). (D.I. 176-1 at 4-6)

The Court denied Movant's § 2255 Motion on March 23, 2020 after concluding that all four Claims were meritless. (D.I. 196; D.I. 197) The Court did not explicitly address Movant's § 3742 approval argument in Movant's Motion for Leave to

3

Supplement the Record With Addendum when it denied Movant's § 2255 Motion. Instead, it summarily dismissed the Motion for Leave to Supplement the Record With Addendum as moot after it determined that the four Claims in the § 2255 Motion lacked merit. (D.I. 196 at 29)

In the Motion currently pending before the Court, Movant cites *Clisby v. Jones*, 960 F.2d 925 (1992), contends that the Court did not address his § 3742(b) approval argument when it denied Movant's § 2255 Motion, and asks the Court to "correct" the "issue." (D.I. 222) While not entirely clear, Movant appears to argue that the Court must cure its violation of *Clisby* by explicitly considering the § 3742(b) approval argument that it summarily dismissed.

In *Clisby*, the Eleventh Circuit issued a prospective rule requiring district courts to dispose of all claims for relief raised in habeas petitions in order to prevent piecemeal litigation of federal habeas cases. *See Clisby*, 960 F.2d at 935-938; *see Sampson v. FCC Coleman-USP Warden*, 663 F. App'x 819, 822 (11th Cir. 2016) (clarifying that "*Clisby* does not require that a district court address each claim on the merits as long as the court resolves all claims for relief."). If a district court fails to resolve all habeas claims, the Eleventh Circuit "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Clisby,* 960 F.2d at 938.

Movant's reliance on *Clisby* is misplaced. "The rule in *Clisby v. Jones* was [] promulgated under the Eleventh Circuit's supervisory authority [and] the Eleventh Circuit does not have supervisory authority over this Court." *Bies v. Bagley*, 2005 WL 8168617, at *2 (S.D. Ohio Sept. 2, 2005). The Third Circuit has not adopted the *Clisby*

Rule, nor has the Court discovered a Third Circuit decision issuing a comparable rule. Accordingly, Movant's contention that the Court violated *Clisby* does not provide a basis for, nor persuade the Court that it must, "correct" its failure to explicitly address his § 3742(b) approval argument.

This conclusion does not end the Court's consideration of the instant Motion, because federal courts are required to liberally construe *pro se* filings "with an eye toward their substance rather than their form." *United States v. Delagado*, 363 F. App'x 853, 855 (3d Cir. 2010); *see Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Distilled to its core, Movant's argument is that the Court either mistakenly or inadvertently failed to explicitly address his § 3742(b) approval argument, or the Court erroneously concluded that the argument could be summarily dismissed for failing to present a viable jurisdictional issue. Consequently, the Court will exercise prudence and liberally construe the instant motion to be a Motion for Reconsideration filed pursuant to Rule 60(b)(1) or 60(b)(6).

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

5

A court may grant a motion to reopen/reconsider if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A "mistake under Rule 60(b)(1) includes a judge's error of law" and a mistake of fact. *Kemp v. United States*, 142 S.Ct. 1856, 1861-1862 (2022). A Rule 60(b)(1) motion seeking relief on the basis of "mistake, inadvertence, surprise, or excusable neglect" must be filed no more than a year after the entry of the judgment, order, or date of proceeding. *See* Fed. R. Civ. P. 60(c)(1).

A Rule 60(b)(6) motion seeking relief for "any other reason" must be filed within a "reasonable time," which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988). As a general rule, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *See, e.g., Pioneer Inv. Services Co. v. Brunswick Ass'n. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (stating "a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)."); *see also Mitchell v.* Fuentes, 761 F. App'x 109, 111 (3d Cir. 2019) (stating "[w]hile the one-year limit does not explicitly apply to Rule 60(b)(6) motions, a movant under Rule 60(b)(6) must show 'extraordinary circumstances ' justifying the reopening of a final judgment."); *Fattah v.*

6

*United States*, 2020 WL 42759, at *2 (E.D.PA. Jan. 2, 2020) (stating "a motion filed under Rule 60(b)(6) more than one year after final judgment is generally considered untimely unless exceptional circumstances justify the delay.")

When considering a Rule 60(b)(6) motion, a court must use a "flexible, multifactor approach ... that takes into account all the particulars of a movant's case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Granting such a motion, however, is warranted only in the "extraordinary circumstance[ ] where, without such relief, an extreme and unexpected hardship would occur." *Id.* at 120.

Notably, the Rule 60(b)(6) catch-all provision is to be utilized when the requested relief is not available in the enumerated categories of (b)(1)-(3). When the requested relief falls into one of three sub-categories, the catch-all provision is not available. *See Walsh v. United States*, 639 F. App'x 108, 111 (3d Cir. 2016); *see also Barnett v. Neal*, 860 F.3d 570, 573 (2017) (noting "if the asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the catchall provision is not available.").

Despite liberally construing the instant Motion as filed under Rule 60(b)(1) or (6), the Court still concludes that Motion does not warrant reconsideration of its § 2255 decision. First, Movant did not file the instant construed Rule 60(b) Motion until August 31, 2022, more than two years after the Court denied his § 2255 Motion. Consequently, whether treated as a Rule 60(b)(1) motion, with a one-year filing deadline, or a Rule 60(b)(6) motion, with a filing deadline predicated on reasonableness but also not usually longer than one year, the instant Motion is untimely. *See, e.g., Moolenaar v. Gov't of*

7

*the V.I.*, 822 F.2d 1342, 1348 (3d Cir.1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within a reasonable time).

Second, Movant presented the identical argument concerning the Court's failure to address the § 3742(b) approval claim in the motion for certificate of appealability that he presented to the Third Circuit. (*See* D.I. 10 at 10-14 in *United States v. Boney*, C.A. No. 20-1859) In his motion for a certificate of appealability, Movant argued that the Court's dismissal of his "Motion for Leave to Supplement the Record With Addendum" on mootness grounds demonstrated that "the District Court here reads § 3742(b) not as jurisdictional and therefore exceptionless, but simply as non-jurisdictional – [a] rule of practice." (D.I. 10 at 13 in *United States v. Boney*, C.A. No. 20-1859) Movant's argument that the Court's dismissal of the Motion for Leave to Supplement constituted an implicit holding concerning the non-viability of his argument that the Third Circuit lacked jurisdiction to consider the Government's cross-appeal of his sentence under § 3742(b)'s approval rule contradicts his instant contention that the Court's summary dismissal of the argument failed to resolve the issue. Perhaps more significantly, the Third Circuit's refusal to grant a certificate of appealability on this issue constituted a denial of Movant's argument that the Court erred by failing to explicitly consider his § 3742(b) approval claim. (*See* D.I. 216)

And finally, even if the Court were to consider the merits of Movant's instant § 3742(b) approval argument under Rule 60(b)(1) or (6), Movant would not be entitled to relief. Section 3742(b) provides that "the Government may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—"

8

>    (1) was imposed in violation of law;
>
>    (2) was imposed as a result of an incorrect application of the sentencing guidelines;
>
>    (3) is less than the sentence specified in the applicable guideline range to the extent that the sentence includes a lesser fine or term of imprisonment, probation, or supervised release than the minimum established in the guideline range, or includes a less limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the minimum established in the guideline range; or
>
>    (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
>
>    The Government may not further prosecute such appeal without the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General.

18 U.S.C. § 3742(b). The Supreme Court has expressly declined to characterize the cross-appeal rule of § 3742(b) as jurisdictional. *See Greenlaw v. United States*, 554 U.S. 237, 245 (2008) (stating "we again need not type the rule 'jurisdictional' in order to decide this case."). While Courts of Appeals disagree "on the proper characterization of the cross-appeal rule" as being either a "jurisdictional" issue or a "rule of practice,"[1] several circuit courts – including the Third Circuit – have held that § 3742(b)'s approval requirement is not jurisdictional. *See United States v. Gurgiolo*, 894 F.2d 56, 57 n.1 (3d Cir. 1990); *United States v. Heon Seok Lee*, 937 F.3d 797, 815 (7th Cir. 2019); *United States v. Ruiz-Alonso*, 397 F.3d 815, 818 (9th Cir. 2005) (agreeing "with the reasoning of the six circuits that have held the personal approval requirement is not jurisdictional in

---

[1] *Greenlaw*, 554 U.S. at 245.

9

nature" and refusing to impose an affirmative requirement that the government demonstrate approval); *United States v. Zamudio,* 314 F.3d 517, 519-20 (10th Cir. 2002); *United States v. Abbell,* 271 F.3d 1286, 1290 n. 1 (11th Cir. 2001*); United States v. Gonzalez,* 970 F.2d 1095, 1101-02 (2d Cir.1992).

Although the record does not contain any evidence that the Government obtained approval to cross-appeal in Movant's case, nothing in the record suggests that the Government lacked authorization to pursue the cross-appeal in Movant's case. And, importantly, the Third Circuit explicitly stated that it had jurisdiction over the Government's cross-appeal under § 3742(b) in its decision remanding the case back to this Court for resentencing.  *See Boney,* 769 F.3d at 157 (stating "[w]e have appellate jurisdiction pursuant to 28 U.S.C. § § 1291 and 18 U.S.C. § 3742(b).").  Since the approval requirement of § 3742(b)'s cross-appeal rule is not jurisdictional, Movant has failed to carry his burden of demonstrating that the Court's failure to explicitly address his § 3742(b) approval argument presents an "extraordinary circumstance[ ] where, without such relief, an extreme and unexpected hardship would occur."  *Cox,* 757 F.3d at 120; *see, e.g., Ruiz-Alonso,* 397 F.3d at 820 (when addressing § 3842(b)'s approval requirement, the Ninth Circuit explained that, "[w]here the issue is not raised [during the appeal], we will presume that the government has complied with the statute.").

Thus, to the extent the instant Motion should be treated as a Rule 60(b) motion for reconsideration, the Court denies it for failing to satisfy the requirements of Rule 60(b)(1) or Rule 60(b)(6).

## III. CONCLUSION

Whether considered as filed pursuant to *Clisby* or construed to be a Motion for Reconsideration filed pursuant to Rule 60(b)(1) or 60(b)(6), the Court will deny the instant Motion for the reasons set forth above. In addition, the Court will not issue a certificate of appealability, because Movant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); s*ee United States v. Eyer*, 113 F.3d 470 (3d Cir.1997); 3d Cir. LAR 22.2 (2011). The Court will enter an Order consistent with this Memorandum.

Dated: July 21, 2023

_____
Colm F. Connolly
Chief Judge

11