IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM BONEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civ. Act. No. 17-197-CFC |
| ) | Cr. Act. No. 11-55-CFC |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

### I.  INTRODUCTION

In 2013, a jury convicted Movant William Boney ("Movant") of one count of conspiring to distribute 500 grams or more of cocaine, one count of attempting to retaliate against a government informant, and one count of solicitation of a person to retaliate against a government informant. *See United States v. Boney*, 769 F.3d 153, 154–55 (3d Cir. 2014). The Honorable Sue L. Robinson sentenced Movant to a term of 220 months of imprisonment. *See id.* at 155. Movant appealed his conviction, and the Government cross-appealed his sentence, arguing that the Court erred in calculating the guideline range when it sentenced Movant. *Id.* The Third Circuit affirmed Movant's conviction but vacated his sentence, remanding the case for resentencing after finding that "the District Court misapplied the Sentencing Guidelines." *Id.* In February 2015, on remand, Judge Robinson sentenced Movant to 272 months of imprisonment. (D.I. 131); *see also United States v. Boney*, 634 F. App'x 894, 895 (3d Cir. 2015).

On February 25, 2015, Movant filed a notice of appeal, challenging certain guideline and departure rulings that occurred during his resentencing on remand. (D.I. 132); see Boney, 634 F. App'x at 895. On December 8, 2015, the Third Circuit affirmed Movant's amended judgment of sentence and dismissed Movant's appeal of the Court's denial of his downward departure motion for lack of jurisdiction. See id. at 900.

In 2017, Movant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, as well as an amended § 2255 motion, asserting the following four Claims for relief (hereinafter collectively referred to as "§ 2255 Motion"): (1) defense counsel provided ineffective assistance by failing to present him with a plea offer from the Government; (2) defense counsel provided ineffective assistance by compelling Movant to testify at trial without advising him of his right not to testify; (3) defense counsel provided ineffective assistance by failing to argue for a variance at the resentencing hearing and by failing to object to a guidelines calculation mistake in light of Amendment 782; and (4) after the Supreme Court's ruling in Mathis v. United States, 579 U.S. 500 (2016), Movant's Delaware marijuana conviction does not qualify as a "felony drug offense" under 21 U.S.C. § 851, which means that the mandatory minimum enhancement from five to ten years does not apply to him and, alternatively, defense counsel failed to argue that his Delaware marijuana conviction did not qualify as a "felony drug offense" under then-existing Third Circuit precedent. (D.I. 153; D.I. 165; D.I. 167; D.I. 171) During the pendency of his § 2255 proceeding, Movant filed several other motions, including a document titled "Motion for Leave to Supplement With Addendum." (D.I. 176) He attached an Addendum to the Motion for Leave to

2

Supplement, which contained an argument supporting Claim Four's *Mathis* argument, as well as a new argument that the Third Circuit lacked jurisdiction to consider the Government's cross-appeal of his sentence because the Government failed to obtain approval from the Attorney General or Solicitor General before prosecuting its cross-appeal of his sentence as required by 18 U.S.C. § 3742(b) (hereinafter referred to as "§ 3742(b) cross-appeal approval argument"). (D.I. 176-1 at 4-6)

The case was re-assigned to the undersigned's docket on September 20, 2018. On March 23, 2020, the Court denied Movant's § 2255 Motion after concluding that all four Claims were meritless. (D.I. 196; D.I. 197) The Court did not explicitly address Movant's § 3742 cross-appeal approval argument in Movant's Motion for Leave to Supplement the Record With Addendum when it denied Movant's § 2255 Motion. Instead, it summarily dismissed the Motion for Leave to Supplement the Record With Addendum as moot after it determined that the four Claims in the § 2255 Motion lacked merit. (D.I. 196 at 29) Movant appealed that decision, and filed a motion for certificate of appealability. (D.I. 198; D.I. 199); (*see* D.I. 10 in *United States v. Boney*, C.A. No. 20-1859) In his motion for certificate of appealability Movant argued, *inter alia*, that the Court erred by summarily dismissing his § 3742 cross-appeal approval argument, stating that the Third Circuit should grant a certificate of appealability "to decide this issue of whether the Government circumvented 18 U.S.C. § 3742(b)'s requirement [and] thus created an exception for the Government to cross-appeal without the approval from Congress' designated Department of Justice officials." (D.I. 10 at 13-14 in *United States v. Boney*, C.A. No. 20-1859) In April 2021, the Third Circuit issued an order

3

declining to issue a certificate of appealability with respect to the denial of Movant's § 2255 Motion. (D.I. 216) Petitioner filed a petition for rehearing *en banc*, arguing, *inter alia*, that the Third Circuit erred by not granting a certificate of appealability with respect to Movant's contention that this Court failed to address his § 3742 cross-appeal approval argument. (D.I. 14 at 2-4 in *United States v. Boney*, C.A. No. 20-1859) The Third Circuit denied the petition for rehearing on September 23, 2021. (D.I. 14 at 2-4 in *United States v. Boney*, C.A. No. 20-1859)

In August 2022, Movant filed in this Court a document titled "*Clisby* Motion Where District Court Failed to Address or Deny All Claims Set Forth in Movant's § 2255 Motion" ("First Motion for Reconsideration"). (D.I. 222) Movant argued that the Court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) by not addressing the § 3742(b) cross-appeal approval argument he asserted in his supplement when it denied Movant's § 2255 Motion, and asked the Court to "correct" its violation of *Clisby* by explicitly considering the § 3742(b) approval argument it had summarily dismissed. (*Id.*)

When it reviewed Movant's First Motion for Reconsideration, the Court determined, as a threshold issue, that the prospective rule announced by the Eleventh Circuit in *Clisby* did not provide a basis for relief because the Court is not bound by decisions issued by the Eleventh Circuit. The Court then liberally construed the First Motion for Reconsideration as being asserted pursuant to Federal Rules of Civil Procedure 60(b)(1) and (6). (D.I. 228 at 4-6) The Court denied the Motion as untimely because it was filed more than two years after the Court's denial of Movant's § 2255 Motion. (D.I. 228 at 4-8) The Court also held that, even if it were to consider the

4

substance of Movant's § 3742(b) cross-appeal approval argument, Movant would not be entitled to relief under Rule 60(b)(1) and (6) because the argument lacked merit.[1] (D.I. 228 at 8-10)

In August 2023, Movant filed in this Court a Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) and 60(b)(1), arguing that the Court should have construed his First Motion for Reconsideration as having been filed under Rule 60(b)(4) rather than under Rule 60(b)(1) and (6) ("Second Motion for Reconsideration"). (D.I. 230 at 2)

## II. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 59(e)

Federal Rule of Civil Procedure 59(e) is "a device [] used to allege legal error,"[2] and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of a Rule 59(e) motion is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. Dec. 22, 2011); *see also Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of

---

[1] Notably, although the Court declined to reopen Movant's § 2255 proceeding, it actually did provide Movant the relief requested by explicitly addressing his § 3742(b) cross-appeal approval argument on the merits.

[2] *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Although the Third Circuit has "never adopted strict or precise definitions for 'clear error of law or fact' and 'manifest injustice' in the context of a motion for reconsideration," at a minimum, a manifest error or injustice is a "direct, obvious, or observable error [...] that is of at least some importance to the larger proceedings." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir 2018). More specifically, when determining whether a decision resulted in a manifest injustice, a court must focus "on the gravity and overtness of the error." *Id.* at 312. Finally, a "motion for reconsideration is not to be used as a means to reargue a case or to ask a court to rethink a decision it has made." *United States v. Kennedy*, 2008 WL 4415654, at *1 (W.D. Pa. Sept. 26, 2008).

### B. Federal Rule of Civil Procedure 60(b)(1) and (4)

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(1) permits a court to relieve a party from final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Mistake includes errors by a judge. Rule 60(b)(4) provides relief from a

judgment that is void, but "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). A Rule 60(b)(4) motion is not a substitute for a timely appeal and a judgment is not void "simply because it is or may have been erroneous." *Id.* at 270.

### III. DISCUSSION

Movant contends that the Court erred by not construing his First Motion for Reconsideration as seeking relief under Rule 60(b)(4). (D.I. 230 at 1-2) He asserts that "federal courts must look beyond the labels of motions filed by *pro se* inmates to interpret them under whatever statute would provide relief," and that the First Motion for Reconsideration would not have been denied as untimely if the Court had construed it as being filed under Rule 60(b)(4). (D.I. 230 at 2-3) Movant further argues that he is entitled to relief under Rule 60(b)(4) because the Court violated his due process rights by failing to address his § 3742(b) cross-appeal approval argument when it denied his § 2255 Motion, thereby rendering the Court's denial of his § 2255 Motion void. (*Id.* at 2-3)

To the extent Movant asks the Court to reconsider its denial of his First Motion for Reconsideration pursuant to Rule 59(e), Movant does not assert any intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reargument or reconsideration. To the extent Movant asks the Court to reconsider its denial of his First Motion for Reconsideration pursuant to Rule 60(b)(1), Movant fails to demonstrate that the Court incorrectly construed his

Case 1:11-cr-00055-CFC Document 232 Filed 01/22/24 Page 8 of 9 PageID #: 2725

First Motion for Reconsideration as seeking relief under Rule 60(b)(1) or (6) instead of under Rule 60(b)(4).  Contrary to his assertion, the Court satisfied its duty to liberally construe *pro se* filings when it looked "beyond" the titled "*Clisby* Motion" and construed the First Motion for Reconsideration as being filed pursuant to Rule 60(b)(1) and (6). Additionally, the Court did not err by failing to construe the First Motion for Reconsideration as being asserted under Rule 60(b)(4), because an argument alleging that a district court failed to rule on all claims in a habeas petition should be raised on appeal and not in a Rule 60(b)(4) motion.  See *United States v. Schmutzler*, 2018 WL 11442237, at *1 (3rd Cir. Jan. 23, 2018) (when declining to grant a certificate of appealability after district court denied Schmutzler's motion to reopen the judgment, the Third Circuit explained "reasonable jurists would not disagree that Schmutzler's claim that the District Court failed to rule on all of the claims raised in his initial 28 U.S.C. § 2255 motion should have been raised on appeal."); *Barkley v. United States*, 2017 WL 5135362, at *1-*2 (M.D. Ga. Mar. 6, 2017) (holding "a habeas petitioner who fails to raise a *Clisby* claim on direct appeal cannot later raise it in a Rule 60(b)(4) motion.").

And finally, to the extent Movant seeks relief for a void judgment under Rule 60(b)(4), his argument is unavailing.  Movant has not shown that a due process violation occurred rendering the Court's judgment void, because a "district court's failure to address a claim for relief in a habeas petition deprives the petitioner of neither notice of the action nor an opportunity to object." *Barkley*, 2017 WL 5135362, at *1-*2. Moreover, by addressing the merits of Movant's § 3742(b) cross-appeal approval argument in its Memorandum and Order denying Movant's First Motion for

8

Reconsideration, the Court remedied any defect caused by its earlier summary dismissal of Movant's § 3742(b) cross-appeal approval argument. Movant cannot remedy his dissatisfaction with the Court's conclusion that his § 3742(b) cross-appeal approval argument lacks merit by seeking relief under Rule 60(b)(4).

Accordingly, the Court will deny Movant's Second Motion for Reconsideration.

### III. CONCLUSION

The Court will deny Movant's instant Second Motion for Reconsideration for the reasons set forth above. In addition, the Court will not issue a certificate of appealability, because Movant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see *United States v. Eyer*, 113 F.3d 470 (3d Cir.1997); 3d Cir. LAR 22.2 (2011). The Court will enter an Order consistent with this Memorandum.

Dated: January 22, 2024

_____
Colm F. Connolly
Chief Judge